STOKER, Judge,
concurring.
I fully concur in the majority opinion in this case. With reference to the wrongful death action there is perhaps an additional approach. As the majority forcefully points out, Everett Callender is insured by Rockwood only for Callender’s legal responsibility, not for Jimmy Ray Dunn’s responsibility. Dunn’s legal liability is not insured. Therefore, if Rockwood is legally liable to plaintiffs in their wrongful death action, that liability must rest on a legal liability owed by Callender to plaintiffs, his beneficiaries, in a manner of speaking, under LSA-C.C. art. 2315.2. To me, however, it is essentially illogical to base a wrongful death recovery on the vicarious or derivative liability of Callender himself where the wrongful death action arises out of Callen-der’s own death for which he is not tor-tiously responsible. While the negligence cases cited by the majority may provide us with guidance, particularly from a public policy viewpoint, they involve legal liability resting on direct liability of the party negligent or at fault. In our case, it seems to me that it would be enough to say that plaintiffs may not ground their wrongful death action on the technical, non-negligent legal liability (but nevertheless derivative or vicarious liability) of the very party whose death gives rise to the wrongful death action. Under the circumstances presented we might say that no derivative or vicarious liability exists.